UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 20-24859-CIV-MORENO

ALEXEY LEBEDINSKY,

      Plaintiff,

vs.

UNITED STATES OF AMERICA,

      Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS AND DISMISSING CASE FOR LACK OF JURISDICTION

Plaintiff, Alexey Lebedinsky, is suing the United States, because Citrus Health, a Federally Qualified Health Center, allegedly detained him after a five-minute mental health consultation. The United States has not waived sovereign immunity as to statutory claim under the Florida Mental Health Act, which requires the Court dismiss Count 4 of Plaintiff's complaint. As to the remaining claims, the Court finds that although the Federal Tort Claims Act waives sovereign immunity, the statutory exceptions to that waiver require the Court dismiss the case for lack of subject matter jurisdiction.

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (**D.E. 13**), filed on **February 5, 2021**.

THE COURT has considered the motion, the response, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion to dismiss is GRANTED and the case is DISMISSED without prejudice for lack of subject matter jurisdiction.

## I. **Background**

Plaintiff, Alexey Lebedinsky, sues the United States for damages he alleges he sustained when he was involuntarily committed for a mental health evaluation at Citrus Health Network, Inc. Citrus Health operates as a Federally Qualified Health Center. The complaint contains five counts: (1) intentional infliction of emotional distress, (2) negligent hiring, (3) negligent training and supervision, (4) Chapter 394, Florida Statutes claim under the Florida Mental Health Act (a/k/a the Baker Act), and (5) false imprisonment.

On May 21, 2019, Plaintiff attended an initial consultation at Citrus Health to arrange mental health therapy sessions on an outpatient basis. Plaintiff alleges that at the five-minute consultation, he was stripped of personal effects and involuntarily committed to Citrus Health's Designated Receiving Facility pursuant to the Baker Act. Plaintiff alleges his involuntary commitment was unlawful and did not comply with the provisions of the Baker Act.

The United States, as sovereign, can only be sued when there is a waiver of sovereign immunity. Plaintiff cites the Federal Tort Claims Act as the waiver of sovereign immunity. Defendant moves to dismiss the complaint arguing that while the Act generally serves to waive the United States' sovereign immunity for the allegedly tortious actions of federal employees – including Citrus Health – the complaint's counts are not covered by the Act or excepted from it. Accordingly, the Defendant argues the complaint should be dismissed for lack of subject matter jurisdiction. More specifically, Defendant argues that Plaintiff failed to plead a waiver of sovereign immunity as to the statutory claim in count 4. The other counts all plead tort claims and travel under the Federal Tort Claims Act. The Defendant argues that while there is a waiver

of sovereign immunity for torts, there are statutory exceptions that require dismissal of Plaintiff's remaining counts.

## II. Legal Standard and Analysis

"It is well-settled that the United States, as a sovereign entity, is immune from suit unless it consents to be sued." *Zelaya v. United States*, 781 F.3d 1315, 1321 (11th Cir. 2015). "[A] court must strictly observe the 'limitations and conditions upon which the Government consents to be sued' and cannot imply exceptions not present within the terms of the waiver." *Id.* at 1322 (quoting *Soriano v. United States*, 352 U.S. 270, 276 (1957)). "If there is no specific waiver of sovereign immunity as to a particular claim filed against the Government, the court lacks subject matter jurisdiction over the suit." *Id.*

"[T]he plaintiff bears the burden of establishing subject matter jurisdiction, and thus, must prove an explicit waiver of immunity." *Ishler v. Internal Revenue*, 237 F. App'x 394, 398 (11th Cir. 2007) (internal citation omitted); *Zelaya*, 781 F.3d at 1322 ("Any plaintiff seeking to sue the United States under the FTCA must satisfy two initial statutory burdens to establish jurisdiction. First, . . . the plaintiff must identify an explicit statutory grant of subject matter jurisdiction. . . [T]he second jurisdictional requirement is a statute that waives sovereign immunity."). The Federal Tort Claims Act provides a statutory grant of subject matter jurisdiction, 28 U.S.C. § 1346(b)(1). When the federal government is sued based on an act of an employee performed within the scope of employment duties, federal courts have exclusive jurisdiction of those claims. *Id.* The Act also contains a waiver of sovereign immunity in 28 U.S.C. § 2674.

The Court examines Count 4 separately from the tort claims in the complaint's other counts. To reiterate, the Defendant argues that Plaintiff fails to plead a waiver of sovereign immunity in Count 4 and as to the remaining tort claims, Defendant argues that the Federal Tort Claims Act's exceptions block the waiver of sovereign immunity. The statutory exceptions to the waiver of sovereign immunity "must be strictly construed in favor of the United States." *Zelaya*, 781 F.3d at 1322. "[W]hen an exception applies to neutralize what would otherwise be a waiver of immunity, a court will lack subject matter jurisdiction over the action." *Id.* (quoting *JBP Acquisitions, LP v. United States ex. rel. FDIC*, 224 F.3d 1260, 1263-64 (11th Cir. 2000)).

### A. Count 4: Statutory Claim under the Florida Mental Health Act

The parties dispute the nature of Count 4. Plaintiff asserts that the claim is founded upon the Federal Tort Claims Act and seeks to state a claim for money damages for a violation of the Florida Mental Health Act. "The Federal Tort Claims Act authorizes private tort actions against the United States under circumstances where local law would make a 'private person' liable in tort." *Williams v. U.S.*, 314 F. App'x 253, 260 (11th Cir. 2009) (quoting 28 U.S.C. § 1346(b)(1)). Plaintiff's position is that by pleading Defendant's statutory violation, the allegations are *prima facie* evidence of negligence for which there is a waiver of sovereign immunity under the Federal Tort Claims Act. Next, Plaintiff asserts that the United States may be "liable to third parties for its own negligence in discharging a nondelegable duty imposed under state tort law." *Dickerson, Inc. v. U.S.*, 875 F.2d 1577, 1582 (11th Cir. 1989).

Count 4 is entitled "Chapter 395 Florida Statutes Claim Against Defendant" and the count does not state a cause of action for negligence. Indeed, it does not even mention "negligence." The claim also does not mention the elements of a negligence claim – duty, breach, causation, and damages. As pled, Count 4 is a straightforward statutory claim for

4

damages against the United States. There is a difference between a negligence claim, which would travel under the Federal Tort Claims Act's waiver of sovereign immunity, and a statutory claim, which would not. Plaintiff has not pled a "specific waiver of sovereign immunity" as to this statutory claim. *Zelaya*, 781 F.3d at 1322 (*F.D.I.C. v. Meyer*, 510 U.S. 471, 475-76 (1994)). Plaintiff's failure to plead the waiver of sovereign immunity for this statutory claim requires the Court to dismiss this claim for lack of jurisdiction.

In addition, Plaintiff's state statutory claim is predicated upon the same subject matter as his pleaded tort claims – specifically his admission to Citrus Health for an involuntary mental health examination. Under the Federal Tort Claims Act, the "remedy against the United States . . . for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment *is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter. . .*" 28 U.S.C. § 2679(b)(1) (emphasis added); *see generally United States v. Smith*, 499 U.S. 160, 166 (1991) ("the FTCA [is] the exclusive mode of recovery for the tort of a Government employee even when the FTCA itself precludes Government liability."). Accordingly, the Plaintiff cannot plead a claim for damages under a Florida statute for the same subject matter as his tort claims -- his involuntary commitment at Citrus Health.

### B. The remaining tort counts

The remaining counts sound in tort and travel under the Federal Tort Claims Act's waiver of sovereign immunity. The issue in the motion to dismiss is whether any statutory exceptions contained in 28 U.S.C. § 2680 "block the waiver of sovereign immunity that would otherwise occur under the FTCA." *Zelaya*, 781 F.3d at 1322. The Government argues that § 2680 contains two statutory exceptions relevant to this case. Section 2680(h) – known as the intentional tort

exception—blocks the waiver of sovereign immunity for "[a]ny claim arising out of . . . false imprisonment." 28 U.S.C. § 2680(h); *JBP* Acquisitions, 224 F.3d at 1263 (11th Cir. 2000). Second, § 2680(a)—known as the discretionary function exception—blocks the Federal Tort Claims Act's waiver of sovereign immunity for "[a]ny claim based . . . upon the exercise or performance or the failure to exercise or perform a discretionary function. . . ." 28 U.S.C. § 2680(a); *Zelaya*, 781 F.3d at 1329 ("the discretionary function exception serves to preserve sovereign immunity for any claim that is based on a federal agency or employee's performance or nonperformance of a discretionary task, even if, in so acting, the agency employee may have abused his discretion.").

*1. Count 5: False Imprisonment Claim*

The plain language of § 2680(h) bars false imprisonment claims, except when "'investigative or law enforcement officers' commit them." *Bonilla v. United States*, 652 F. App'x 885, 889-90 (11th Cir. 2016); *Metz v. United States*, 788 F.2d 1528, 1531 (11th Cir. 1986). Plaintiff takes no issue with the plain statutory language. Plaintiff, however, requests jurisdictional discovery to determine if there were any law enforcement officers who admitted him for his involuntary mental health examination at Citrus Health.

"The right to jurisdictional discovery is a qualified one, available when a court's jurisdiction is genuinely in dispute. Such discovery requests should not serve as fishing expeditions, and, as such, are appropriate only when a party demonstrates that it can supplement its jurisdictional allegations through discovery." *Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 792 (11th Cir. 2017) (citations omitted). "The party seeking discovery bears the burden of showing its necessity. . .[A] party is not entitled to jurisdictional discovery if the record shows

that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion." *Freeman v. United States*, 556 F.3d 326, 341-42 (5th Cir. 2009).

There are no allegations in this complaint of action by law enforcement officers. In response to the motion to dismiss, Plaintiff acknowledges that the "individuals who took him into custody did not appear to be law enforcement officers," but, nevertheless, he requests discovery to determine whether they were law enforcement officers. Moreover, the request for jurisdictional discovery was imbedded in response to the motion to dismiss. *Wolf*, 683 F. App'x. at 792. Accordingly, the Court finds Plaintiff does not meet his burden of showing the necessity of jurisdictional discovery.

Having found the § 2680(h) exception applies to block the waiver of sovereign immunity, the Court dismisses Count 5 for false imprisonment for lack of jurisdiction.

2. *Counts 1-3: The negligence claims*

At issue in the motion to dismiss is whether the negligence claims are also blocked by the false imprisonment exception. The parties disagree whether the negligence claims "arise out of" the Plaintiff's false imprisonment. 28 U.S.C. § 2680(h). Plaintiff characterizes the claims as stemming from the Defendant's violations of the Baker Act. Plaintiff's position is that the Baker Act creates the duty, and the Defendant violated the duty by failing to comply with the provisions of the Act. Defendant argues that all of Plaintiff's claims fundamentally stem from his improper admission to Citrus Health for an involuntary mental health examination.

At bottom, Plaintiff's negligence claims are based on his unlawful confinement at Citrus Health. Count 1 alleges that the conduct of Citrus Health and its employees was the direct and proximate cause of the Plaintiff's emotional distress during the "admission period." Counts 2 and 3 explicitly reference false imprisonment. Count 2 states that Citrus Health had a duty to not hire

7

employees it knew would "falsely imprison" patients. Count 3 states that Citrus Health had a duty to train employees to prevent "false imprisonments." The allegations support the Defendant's position that the claims "arise from" Plaintiff's false imprisonment..

"[A] plaintiff cannot circumvent [§ 2680(h)'s] exception simply through artful pleading of its claims." *Zelaya*, 781 F. 3d at 1334 (quoting *JBP Acquisitions LP*, 224 F.3d at 1264 (11th Cir. 2000)). "[I]f the governmental conduct that is essential to proving a plaintiff's claim would be covered by [the false imprisonment] exception, then the Government is shielded from liability by sovereign immunity, no matter how the plaintiff may have framed his claim or articulated his theory." *Zelaya*, 781 F.3d at 1334; *Henin v. Cancel*, 708 F. Supp. 2d 1315, 1321 (S.D. Fla. 2010) (dismissing negligence and intentional infliction of emotional distress claims where the plaintiff "has not shown, as he must in order to establish the Court's subject matter jurisdiction, that the negligence and [intentional infliction of emotional distress] claims are independent of the alleged intentional tort of assault and battery).

In this case, Plaintiff's false imprisonment is at the heart of the negligence claims. The Court therefore finds that § 2680(h) blocks the waiver of sovereign immunity as to the tort claims in Counts 1 through 3.

Additionally, the parties do not dispute that the discretionary function exception of 28 U.S.C. § 2680(a) blocks the waiver of sovereign immunity as to Counts 2 and 3 for negligent hiring and negligent training. Plaintiff did not respond to the Defendant's motion on this issue. The discretionary function exception "precludes government liability for '[a]ny claim based upon. . . the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.'" *Ochran v. United States*, 117 F.3d 495, 499 (11th Cir. 1997)

(quoting 28 U.S.C. § 2680(a)). "Negligence-based employment claims fall under the general consensus that 'employment decisions, i.e., the manner in which the United States selects, trains, and supervises its employees, are discretionary functions that the discretionary function exception is meant to shield." *Warren on behalf of Estate of Stubblefield v. United States*, No. 3:19-CV-2735-B, 2020 WL 1929850, at *5 (N.D. Tex. Apr. 21, 2020). Because the discretionary function exception applies to the negligence-based employment claims, the Court lacks subject matter jurisdiction as to these claims in Counts 2 and 3.

Having found that the Court lacks subject matter jurisdiction over all the counts, the Court dismisses the case without prejudice.

DONE AND ORDERED in Chambers at Miami, Florida, this ___22___ of September 2021.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record